**GEORGIA ASSOCIATION OF EDUCA-
TORS et al., Plaintiffs,**

**v.**

**Charles A. HARRIS et al., Defendants.**

**GEORGIA CONFERENCE, AMERICAN
ASSOCIATION OF UNIVERSITY**

**PROFESSORS, et al., Plaintiffs,**

**v.**

**Charles A. HARRIS et al., Defendants.**

**Nos. C75–1589A, C75–1588A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 30, 1975.

On Motion for Reconsideration
Oct. 16, 1975.

Theodore G. Frankel, and Richard Garrett Haas, Holland, Levison & Gibert, Atlanta, Ga., for plaintiffs.

Alfred L. Evans, Jr., Asst. Atty. Gen., State of Ga., Atlanta, Ga., for defendants.

Before MORGAN, Circuit Judge and MOYE and HILL, District Judges.

## ORDER

PER CURIAM:

This 42 U.S.C. § 1983 class action seeks declaratory and injunctive relief with respect to certain faculty contracts of employment with the Board of Regents of the University System of Georgia for the 1975–76 academic year and legislation repealing appropriated pay raises passed by the Georgia General Assembly. The action was filed by the Georgia Conference of the American Association of University Professors, the Georgia Association of Educators, and certain aggrieved faculty members of those associations against the Board of Regents of the University System of Georgia.

The present action attacks the announced intention of the Board not to honor the stated salary terms of plaintiff faculty members' employment contracts for the 1975–76 academic year as violative of the Equal Protection Clause of the Fourtenth Amendment to the United States Constitution and Georgia Constitution. Furthermore, plaintiffs challenge the Georgia General Assembly's Amendment to the General Appropriations Act as constituting an impairment of the obligations of plaintiff faculty members' employment contracts with the Board for the 1975–76 academic year in violation of the contract clause, Article I, Section 10, Clause I, of the United States Constitution.

In April 1975 the General Appropriations Act, Ga.Laws 1975, p. 1333, became effective. Section 44A of the Act appropriated $11,510,000 to the defendant Board of Regents to fund a salary increase for academic university system personnel. Subsequently, however, the State determined that the funds currently available and the expected receipts for the fiscal year were inadequate to meet all of the obligations of the General Appropriations Act. Therefore, in July 1975 the Georgia General Assembly, meeting in special session, amended the Act and repealed Section 44A. See House Bill No. 1–EX, Executive Act No. 4.

Between the date of the passage of the General Appropriations Act in April granting the salary increases and the date of the Amendment in July repealing the salary increases, the defendant Board of Regents and plaintiff faculty members entered into employment contracts for the 1975–76 academic year which contained salary increases. After the July Amendment the Board declared its intention not to honor the pay raise for returning faculty members in accordance with the Amendment. The Board announced that in lieu of paying plaintiff faculty members according to the salary terms of their 1975–76 employment contracts, each faculty member

who has been employed for the 1975–76 academic year at the same institution where the faculty member was employed for the 1974–75 academic year will receive the salary as stated in their 1974–75 employment contracts. The Board intends to pay faculty members teaching at a particular institution of the University System of Georgia for the first time in 1975–76, including faculty members new to the Georgia University System and transfers within the System, in accordance with the salary terms stated in their 1975–76 employment contracts.

Plaintiff seeks a declaration that the repealer provision of the Amendment to the General Appropriations Act and the action of the Board of Regents pursuant to that Amendment are null and void as violations of the equal protection clause and contract clause. Furthermore, plaintiffs request that the Court enjoin the Board from refusing to pay faculty salaries in accordance with the original pay increase and honor the salary terms stated in the original 1975–76 employment contracts.

As a preliminary matter this Court must consider the Defendants' Motion to Stay Proceedings Pending Adjudication of Pending State Court Proceedings. There are two actions pending in the Superior Court of Fulton County, Georgia, under the name and style of *Georgia Conference, American Association of University Professors, et al. v. Board of Regents of the University System of Georgia, et al.*, C.A. No. C–9012 (filed August 7, 1975) and *Georgia Association of Educators, et al. v. Board of Regents of the University System of Georgia,* C.A. No. C–9013 (filed August 7, 1975), filed by the same counsel who represents plaintiffs in the case at bar and naming the same defendants. Defendants assert that the State court action arises out of the same controversy as does the case before this Court and all substantial issues in the case at bar have been or can be presented to and adjudicated by the Fulton County Superior Court.

The defendants claim that the plaintiffs' basic contentions all hinge upon the constructon of their employment contracts which are made subject to the rules and regulations of the Board of Regents and incorporate, by operation of law, all State constitutional provisions, statutes, and relevant judicial decisions affecting their construction. The Georgia Constitution and statutory provisions in general prohibit deficit financing, restrict expenditures by State agencies to those sums specified and for those particular purposes specified by appropriations acts, and impose budgetary controls on the disbursement and expenditure of those funds which have been appropriated. *See* Ga.Code Ann. §§ 2–1911, 2–6201, 2–6202, 40–402, 40–413–416, 40–418, 40–419. Therefore, the Board of Regents asserts that the state courts should be permitted to determine the dimensions of the employment contracts, which are governed by State law and which control the ultimate disposition of all the remaining claims made by the plaintiffs, and that this Court should stay its hand pending state court adjudication.

Plaintiffs assert that none of the named plaintiffs in either of the state court actions are plaintiffs in the case at bar and that the state court actions are predicated upon different causes of action than the case at bar. In the state court actions the plaintiffs allege that the defendant Board of Regents has breached their employment contracts and that the repealer amendment constitutes an impairment of the obligations of the subject employment contracts, in violation of the contract clause of the Georgia Constitution, Article I, Section 3, Paragraph 2. Plaintiffs have asserted none of their federal constitutional claims in the Superior Court. Furthermore, although there might be circumstances where the constitutional provisions and statutes cited by the defendants may prevent a state department or agency from fully honoring all its obligations, plaintiffs contend that this does not mean that the State may enact

a law impairing the obligation of contracts in violation of the United States Constitution. Plaintiffs claim that the State is constitutionally required to address revenue insufficiencies by abating non-contractual obligations. Plaintiffs concede that their contracts are subject to the risk that their raises would not be paid if state revenues were inadequate but argue that they did not assume the risk in their contracts that the State, as a consequence of political choices made by the General Assembly, would unilaterally determine what salary the plaintiff faculty members might be paid after express contracts had been signed. Plaintiffs assert that the content of the contracts is clear and that state court construction, therefore, is unnecessary.

■ Although the named plaintiffs in the state court actions differ from those in the instant action, all of the plaintiffs belong to the same class which plaintiffs in the case at bar claim to represent. The different individual named plaintiffs, therefore, are in substantial privity with each other and the fact that there are different named plaintiffs does not abrogate this Court's power to stay its hand. *See Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

■ All of the substantial claims raised by the plaintiffs arise from the alleged breach of the employment contracts by the defendant Board of Regents and the dimensions, interpretation, and construction of the subject employment contracts is a matter of State law. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (Burger, C. J., concurring). Moreover, basic contract law dictates that all contracts include relevant State laws and constitutional provisions. When the subject employment contracts were signed, the various Georgia statutes and constitutional provisions regarding appropriations and the law providing for salary increases were in existence. Accordingly, construction and interpretation of the employment contracts and, in particular, whether in light of the laws regarding appropriations in Georgia the subsequent repealer amendment became part of the employment contracts, are determinations best left for resolution by the state court.

■ Resolution of these issues of State law might obviate the necessity of resolving plaintiffs' federal constitutional claims although the state court has competent jurisdiction to resolve the federal constitutional claims if the plaintiffs choose to raise them in the state court. The plaintiffs can obtain all of their requested injunctive and declaratory relief in the state court.

The Court has considered the problem posed by *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), which establishes an Eleventh Amendment bar to actions seeking to recover, retroactively, monetary benefits owed by the State to its citizens. It is true that if the state courts do not rule in the plaintiffs' favor and the plaintiffs seek relief in the federal courts they willl be barred by the Eleventh Amendment from recovering any back pay. However, if the actions in the state courts are considered in an expeditious manner the potential harm to the plaintiffs will not be substantial.

Accordingly, the parties are directed to proceed expeditiously in the state courts pending further order of this Court. If the case is not resolved speedily in the state courts this Court will reconsider the matter of injunctive relief by motion of the plaintiffs.

The grant or denial of a stay of proceedings is within the Court's sound discretion. *See PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674 (5th Cir. 1973). Accordingly, the Defendants' Motion to Stay Proceedings Pending Adjudication of Pending State Court Proceedings is hereby granted.

## ON MOTION FOR RECONSIDERATION

On September 30, 1975, this court granted a stay in the instant action pending adjudication of a similar action already initiated in the state courts. The rationale for the Order of September 30 was to enable the state courts to resolve questions of state law regarding construction of the subject employment contracts entered into by plaintiff faculty members and defendant Board of Regents. Such issues still remain despite plaintiffs' recent amendment to their Complaint (October 15, 1975). Due to the problem posed by the Eleventh Amendment, as interpreted in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), which would bar recovery in the federal court of any back pay owed by the state, the Court ordered the parties to proceed expeditiously in the state courts so that any potential loss of back pay by plaintiffs would not be substantial. The Court stated that if the case is not resolved speedily in the state courts then this Court would reconsider the matter of injunctive relief. Order of September 30, 1975, p. 964.

The case is presently before the Court on plaintiffs' motion for reconsideration of the order granting the stay or, in the alternative, for injunctive relief during the pendency of the stay. Plaintiffs claim that the case cannot proceed expeditiously in the state courts. They assert, with a supporting affidavit by the Clerk of the Georgia Supreme Court, that the earliest that this case can be argued before the Georgia Supreme Court is January, 1976. Plaintiffs contend that the risk forced upon them is that they will lose the pending state action in the Georgia Supreme Court and, upon return to this Court thereafter, they will be unable to recover a substantial amount of back pay due to the Eleventh Amendment bar. Moreover, plaintiffs contend that the state courts are not as compelled as the federal court to grant preliminary injunctive relief inasmuch as the Eleventh Amendment does not bar state courts from awarding back pay and the Georgia Supreme Court may make such an award. Thus, plaintiffs urge the Court to either reconsider the Order of September 30 or to grant their temporary injunctive relief designed to protect them from the Eleventh Amendment bar if they should need to return to federal court.

However, inasmuch as the case has been specially set for hearing in the Superior Court of Fulton County on October 28, 1975, it appears to the Court that the case is moving in an expeditious fashion in the state courts. It is true, as plaintiffs assert, that it is unlikely that the case will be assigned to the Georgia Supreme Court for oral argument before January, 1976. Nonetheless, the state courts are equally as competent as this Court to grant injunctive relief in the instant action, whether interlocutory or permanent. See Ga.Code Ann. §§ 81A–165, 162, 24–4536, 3636. Moreover, the state courts have competent jurisdiction to resolve the federal constitutional issues in this case, if plaintiffs choose to raise those issues in the state courts, and, therefore, the Eleventh Amendment will not pose any difficulty.

Accordingly, inasmuch as the instant action is proceeding in the state courts in an expeditious fashion and inasmuch as injunctive relief is available to the plaintiffs in the state courts, the plaintiffs' motion for reconsideration of the order granting the stay, or, in the alternative, for injunctive relief during pendency of the stay is hereby ordered denied.

It is so ordered.